| | | |
|---|---|---|
| **JOHN HESSMER # 314971,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **NO. 1:25-CV-00077** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **WARDEN GRADY PERRY,** | ) | **MAGISTRATE JUDGE HOLMES** |
| | ) | |
| **Respondent.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

John Hessmer, an inmate of the South Central Correctional Facility in Clifton, Tennessee, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1).

By Order entered on October 16, 2025, the Court informed Petitioner that, to proceed with this action, he must submit the civil filing fee of $5.00 or an Application for Leave to Proceed in Forma Pauperis (Short Form) ("IFP Application") within 30 days. (Doc. No. 5). The Court warned Petitioner that failure to comply with the Order could result in the dismissal of his case. (*Id*. at 1). The Court advised Petitioner that he could request an extension of time to comply with the Court's instructions if he did so in writing before the deadline expired. (*Id*.)

The deadline passed, and Petitioner had not complied with the Court's instructions. Neither had Petitioner requested an extension of time within which to do so. Consequently, the Court dismissed this action without prejudice for want of prosecution by Order entered on January 15, 2026. (Doc. No. 6).

Petitioner then filed a Motion to Reconsider (Doc. No. 10), Motion for Recusal (Doc. No. 11), and an IFP Application. (Doc. No. 9). The Court cannot consider the post-judgment motion until the recusal motion is addressed. The Court will begin there.

1

## I. MOTION TO RECUSE

Petitioner has filed a motion seeking the recusal of the undersigned[1] in the instant case. Petitioner does not state under which statute(s) he seeks recusal.

"[A] judge is presumed to be impartial, and the party seeking disqualification 'bears the substantial burden of proving otherwise.'" *Huth v. Hubble*, No. 5:14-cv-1215, 2016 WL 6610808, at *2 (N.D. Ohio Feb. 23, 2016) (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)). Title 28 U.S.C. §§ 144 and 455 lay out the recusal processes for judges where the judge harbors prejudice or bias for or against a party. Here, the Court will first discuss whether the undersigned has actual or personal bias against Hessmer under § 455(b)(1), then discuss whether the circumstances give rise to an appearance of impropriety under § 455(a). Finally, the Court will consider whether Petitioner has demonstrated a personal bias or prejudice against him or in favor of any adverse party under § 144.

### A.    28 U.S.C. § 455

Section 455(a), Title 28 of the United States Code provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A court's impartiality might reasonably be questioned "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (citations and internal quotation marks omitted). Because the standard is objective, not subjective, a judge "need not recuse himself based on the subjective view of a party[,] no matter how strongly that view is held." *Id*. (citation and internal quotation marks omitted). "[J]udicial rulings alone

---

[1] The motion also seeks the recusal of The Honorable Judge Waverly Crenshaw, Jr. However, Judge Crenshaw is not assigned, and has never been assigned, to this case.

almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 553 (1994). Instead, judicial rulings should be grounds for appeal, not for recusal. *See id.*

Section 455(b)(1) provides that a judge shall disqualify himself "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." 28 U.S.C. § 455(b)(1). When a party cannot show partiality stemming from an extra-judicial source or personal bias, recusal is only necessary in rare circumstances. *Liteky*, 510 U.S. 540, 555.

Ultimately, a judge's "disqualification decision must reflect *not only* the need to secure public confidence through proceedings that appear impartial, *but also* the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." *Arrowood Indem. Co. v. City of Warren*, 54 F. Supp. 3d 723, 726 (E.D. Mich. 2014) (quoting *In re Allied–Signal Inc.*, 891 F.2d 967, 970 (1st Cir. 1989)) (emphasis in original). The Sixth Circuit has cautioned that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (alteration in original) (citation omitted). That is because unnecessary recusals waste judicial resources. *City of Cleveland v. Krupansky*, 619 F.2d 576 (6th Cir. 1980).

### 1. 28 U.S.C. § 455(b)(1)

Hessmer argues that recusal is necessary because he has "had a plethora of meritorious cases that stated claims upon which relief could have been granted . . . and the despicable magistrate (judge Joe Brown) . . . twice dismissed my federal habeas . . . ." (Doc. No. 11 at 1). He believes he has "not been treated fairly by either of you all . . . ." (Id.) Petitioner also alleges that

recusal is necessary because, at the time he filed his cases with "meritorious claims" he "had the mentality of about a 3rd grade elementary school child due to brain damage from a motorcycle accident" and he " was thwarted from second appeal due to late mailing of notice of dismissal from prison because [he] was released after filing for habeas relief." (*Id*.)

None of those assertions provide reason for the undersigned to recuse himself under § 455(b)(1). The undersigned is mindful of his obligation "not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley*, 853 F.2d 1351, 1356. Petitioner has not met his "substantial burden" of proving that the undersigned's impartiality might reasonably be questioned. *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007). "The burden is not on the judge to prove that he is impartial." *Id.*

### 2.    28 U.S.C. § 455(a)

Although mindful of its duty to sit where disqualification is not required, there are circumstances where, in the Court's sound discretion, it may be appropriate for a judge to disqualify himself even when no actual partiality, bias, or prejudice exists. *See Huth*, 2016 WL 6610808, at *5. Looking at the grounds for recusal suggested by Hessmer through the lens of § 455(a), the Court must consider whether the undersigned's impartiality might reasonably be questioned by an objective person knowing all the circumstances, regardless of Hessmer's subjective belief. Here, none of the asserted bases provide grounds for the undersigned to recuse himself under § 455(a).

Petitioner alleges that the undersigned has not treated Petitioner fairly because claims Petitioner believes were meritorious were dismissed by the undersigned and by other judges in this district. As noted above, however, judicial rulings very rarely constitute a valid basis for a bias or partiality motion. *Liteky*, 510 U.S. 540, 553. Although the undersigned may not have ruled as

Petitioner would have liked, Petitioner has presented no evidence that the undersigned's rulings were based on a bias toward him or a favoritism toward a defendant or any third party. *See Hobson v. Mattis*, No. 17-6192, 2018 WL 3241369, at *2 (6th Cir. May 23, 2018) (denying Hobson's motion for recusal based on the judge's rulings against him in the case and the "hostile manner" and "tone of voice" the judge used when addressing Hobson's evidentiary matters).

Moreover, the instant case was not dismissed on the merits. The Court dismissed the case because Petitioner failed to comply with the Court's instructions by the deadline set forth by the Court. (*See* Doc. No. 6). Even when the Court gave Petitioner permission to seek an extension of the deadline, Petitioner did not avail himself of that opportunity. Petitioner's choice had nothing to do with the undersigned's alleged bias against Petitioner.

Furthermore, the Court dismissed this action without prejudice. That means that Petitioner can try again. If he so chooses, he can file another petition in this court (or in any appropriate court) seeking the same relief.

In summary, none of the reasons advanced by Petitioner would cause an objective, reasonable person to question the undersigned impartiality in the present matter.

### 3. 18 U.S.C. § 144

Pursuant to 28 U.S.C. § 144, recusal is mandatory if a "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Recusal under 28 U.S.C. § 144 is only required when the affidavit is found to be both timely and legally sufficient by a district court judge. *See Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1355 (1988).

Here, Petitioner has not submitted an affidavit in support of his Motion for Recusal. Thus, the Court need not consider Petitioner's request for recusal under § 144.

For the foregoing reasons, Hessmer's motion (Doc. No. 11) seeking the undersigned's recusal will be denied.

## II. MOTION TO RECONSIDER

Petitioner's Motion to Reconsider seeks "an order setting aside dismissal and reopening the case" pursuant to Rule 59(e) and/or Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 10 at 1).

Rule 59 provides that the court may grant a motion to alter or amend a judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. Fed. R. Civ. P. 59(e); *see GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A motion to alter or amend judgment under Rule 59(e) must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Therefore, Petitioner's motion, if construed as a Rule 59(e) motion, was timely filed.

In his motion, Petitioner does not allege that there has been an intervening change in controlling law that would require the Court to revisit its previous analysis. Nor does Petitioner allege that he has newly discovered evidence. Instead, Petitioner asserts that he is "without fault for failing to comply with court orders to pay $5 or submit an In Forma Pauperis" for three reasons. (Doc. No. 10 at 1). First, he states that his sister "promised THREE TIMES to pay the $5 and [he] cannot call her due to [his] captivity." (*Id.*) (emphasis in original). Second, he states that he has "made many attempts to get an average 6 month balance processed and notarized by case managers Christian & Pope and have had no response over several months." (*Id.*) Third, he states that his

6

sister "told [him] some time ago that she paid the $5 to the Western District" before this case was transferred to the Middle District of Tennessee. (*Id*.)

Petitioner filed this case in the Middle District of Tennessee. The case has never been in the Western District of Tennessee.

It is a litigant's responsibility to comply with Court orders, not the responsibility of a litigant's family member or friend. If Petitioner needed more time for whatever reason to comply with the Court's Order directing him to pay the filing fee or submit a pauper application by a certain deadline, he could have taken advantage of the Court's offer to obtain an extension. (*See* Doc. No. 5 at 1) ("Further, Petitioner may request an extension of time to comply with this Order if he does so in writing within 30 days of the date this Order was entered.") Petitioner elected not to do so. For these reasons, Petitioner is not entitled to relief under Rule 59(e).

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or the judgment is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A motion for relief from a judgment or order under Rule 60 must be filed "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Therefore, Petitioner's instant motion, if construed as a Rule 60 motion, was timely filed.

7

None of the enumerated grounds for relief under Rule 60(b)(1)-(5) apply in this case, however. Rule 60(b)(6)—the provision cited by Petitioner—is a catchall provision that provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b). *McGuire v. Warden*, 738 F.3d 741, 750 (6th Cir. 2013). Rule 60(b)(6) only applies in exceptional or extraordinary circumstances where principles of equity mandate relief. *Id*. "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Blue Diamond Coal v. Trustees of United Mine Workers*, 249 F.3d 519, 529 (6th Cir. 2001); *see also Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009). A district court's discretion in deciding a Rule 60(b)(6) motion is especially broad due to the underlying equitable principles involved. *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014).

Here, Petitioner does not describe any exceptional or extraordinary circumstances that mandate relief. For these reasons, Petitioner is not entitled to relief from judgment under Rule 60(b)(6).

Accordingly, Petitioner motion (Doc. No. 10), whether construed as a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from a judgment or order, will be denied.

### III. CONCLUSION

For the reasons explained herein, Petitioner's Motion for Recusal (Doc. No. 11) is **DENIED**. Likewise, Petitioner's Motion to Reconsider (Doc. No. 10) is **DENIED**.

Petitioner's IFP Application (Doc. No. 9) is **DENIED AS MOOT**.

This case remains closed.

The Court acknowledges Petitioner's stringent pleas for assistance with obtaining cancer treatment. As the Court noted earlier, the dismissal of this case without prejudice permits Petitioner to file another habeas petition under Section 2241. In addition, Petitioner has the option of filing a civil rights complaint under 42 U.S.C. § 1983 concerning the alleged lack of medical treatment. The Federal Rules of Civil Procedure as well as the Court's Local Rules provide for the filing of emergency motions for emergency situations.

For Petitioner's convenience, the Clerk is **DIRECTED** to mail Petitioner a blank complaint form for prisoner civil rights action as well as a short-form IFP Application for prisoners. The Court makes no representations as to the timeliness or validity of any civil rights or habeas claims.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE